NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RIQUELMER M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, S.M., *Appellees.*

No. 1 CA-JV 20-0169

FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. JD531398
The Honorable Jennifer E. Green, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Lauren J. Lowe
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**         Riquelmer M. ("Father") appeals the juvenile court's order terminating his parental rights to his child, S.M. ("Child"). For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         In 2013, Mother and Father divorced after approximately six years of marriage. At the time of divorce, Father had not seen Child for a year-and-a-half. Father was initially awarded parenting time with Child limited to supervised visitation. In 2014, Father's parenting time was changed to unsupervised visits once a week for three hours. Child continued to live with Mother.

**¶3**         In 2017, Father was arrested for driving under the influence and opted for voluntary removal to Mexico. That same year, the Arizona Department of Child Safety ("DCS") was told that Father had physically abused Child by pushing her down a flight of stairs, holding her head under water, continually punching her, giving her a black eye, and beating her with a belt or cord. Child's half-sibling confirmed the account of Father pushing Child down the stairs.

**¶4**         In 2018, Child was removed from Mother's care for neglect and substance abuse. A dependency action was initiated against both parents. The juvenile court adjudicated Child dependent, and, subsequently, in 2019, DCS motioned to terminate Father's parental rights.[1] Following an adjudication hearing, the juvenile court issued a detailed ruling terminating Father's parental rights on grounds of abuse and neglect, also finding termination was in the best interests of Child. This timely appeal followed. We have jurisdiction pursuant to Article 6, Section 9, of

---

[1] Mother's parental rights were also terminated, but Mother is not a party to this appeal.

the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶5**     We review a severance ruling for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and view the evidence in the light most favorable to sustaining the court's ruling, *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

**¶6**     "To justify termination of a parent-child relationship, the [juvenile] court must find, by clear and convincing evidence, at least one of the statutory grounds set out in [A.R.S. §] 8-533," *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000), and find, by a preponderance of the evidence, that termination is in the best interests of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). Abuse, as defined in § 8-533(B)(2), is one statutory ground for termination. "[A]buse includes serious physical or emotional injury or situations in which the parent knew or reasonably should have known that a person was abusing or neglecting a child." A.R.S. § 8-533(B)(2).

**¶7**     Father argues there was insufficient evidence of abuse to support the juvenile court's findings, pointing to a lack of physical evidence, police reports and medical records. Father argues the juvenile court relied too heavily on Child's allegations of abuse. Absent physical evidence and reports, the court still needed to determine the credibility of conflicting testimony. In doing so, the court determined that Father's testimony was not credible, and that the testimony of Father's two witnesses were likewise either "not . . . relevant" or "not particularly compelling."

**¶8**     To the contrary, the court found the DCS case manager's testimony about the "accounts of these incidents [of abuse] *to be credible* because the stairwell incident was corroborated by [Child's half-sibling], and because of the level of detail . . . provided about the abuse [Child] suffered by Father, and her other injuries." (Emphasis added.) The court

further concluded that, despite the lack of "medical records, photographs, or criminal charges that one would normally see in a child abuse case," the "abuse [] reported to several witnesses including [the DCS case manager], [Child's half-sibling], her therapist Ms. Chapman, and Dr. Silberman *is credible*." (Emphasis added.)

**¶9**       As discussed, *supra* ¶ 5, the juvenile court is in the best position to weigh evidence and judge credibility. *Jordan C.*, 223 Ariz. at 93, ¶ 18. We will not second-guess the court's decision to believe testimony of abuse over Father's denial of the same, and thus cannot say there is no reasonable evidence for the juvenile court to conclude that abuse occurred. On this record, the court did not abuse its discretion.

**¶10**       Because we affirm the juvenile court's order based on abuse, we need not address whether termination was appropriate on grounds of neglect under A.R.S. § 8-533(B)(2). *See Jesus M. v. Ariz. Dep't. of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds."). Father has not challenged the court's finding that termination of Father's parental rights was in Child's best interests.

## CONCLUSION

**¶11**       For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to Child.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4